**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4703**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HAMILTON ROBERT PACE,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.   (3:97-cr-00056-NKM-2)

───────────

Submitted:  February 14, 2013     Decided:  February 28, 2013

───────────

Before GREGORY, AGEE, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Andrea L. Harris, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Charlottesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hamilton Robert Pace appeals his twenty-one month sentence imposed following the revocation of his supervised release. Pace claims that his sentence is plainly unreasonable because the district court impermissibly relied on the goals of sentencing listed in 18 U.S.C. § 3553(a)(2)(A) (2006) when imposing his revocation sentence. We affirm.

Generally, a district court has broad discretion when imposing sentence upon revoking supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm such a sentence if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. Only if we so find, will we "then decide whether the sentence is plainly unreasonable, relying on the definition of 'plain' that we use in our 'plain' error analysis." Id. at 439.

Because Pace did not allege the district court's improper reliance on § 3553(a)(2)(A) below, he must also satisfy the additional requirements of plain error review. See United States v. Bennett, 698 F.3d 194, 199-200 (4th Cir. 2012) (unpreserved claim that district court considered impermissible factor when imposing revocation sentence is reviewed for plain

2

error), petition for cert. filed, __ U.S.L.W. __ (Jan. 23, 2013); United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010) (plain error review applies where defendant claims substantive unreasonableness for the first time based on district court's consideration of improper factor when explaining basis for sentence), cert. denied, 132 S. Ct. 292 (2011). Accordingly, Pace must show 1) that the district court erred, 2) that the error is clear and obvious, and 3) that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Pace fails to meet these requirements.

As Pace correctly notes, 18 U.S.C. § 3583(e) (2006) mandates that a district court consider a majority of the factors listed in 18 U.S.C. § 3553(a) when imposing a revocation sentence. 18 U.S.C. § 3583(e). Omitted from § 3583(e), however, are the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A).

Accordingly, a district court may not impose a revocation sentence based predominantly on such considerations. Crudup, 461 F.3d at 439, see also United States v. Miller, 634 F.3d 841, 844 (5th Cir.) (district court may not consider § 3553(a)(2)(A) factors when imposing sentence upon revocation of supervised release), cert. denied, 132 S. Ct. 496 (2011),

3

United States v. Miqbel, 444 F.3d 1173, 1182-83 (9th Cir. 2006) (same). To do so contravenes the U.S. Sentencing Commission's direction that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2010).

Here, the district court's explanation of Pace's sentence does not indicate a plainly improper reliance on § 3553(a)(2)(A). First, the court's reference to the nature of Pace's numerous violations of his supervised release was clearly appropriate, especially when considered in conjunction with its repeated conclusion that Pace, if not incarcerated, would likely reoffend and further harm the public. Indeed, at no point did the court opine on the seriousness or gravity of Pace's violations, but, instead, focused on their numerosity and Pace's repeated squandering of the opportunities his probation officer gave him to remain on supervised release. Similarly, although the district court mentioned imposing "just" punishment, its single reference to this consideration was made in direct connection with its determination that Pace's sentence would adequately deter violations of supervised release, an approved factor under § 3583(e).

4

Moreover, we find no plain error in the district court's references to preserving the public's respect for the court and the law. The court's comments appear to have been in response to Pace's request that his sentence involve little or no incarceration so that he could pursue treatment for his drug addiction in a non-custodial setting. Noting Pace's extensive criminal record and his repeated violations of his supervised release, the court rejected Pace's proposal. The court also noted its concern that the public would object to allowing Pace to remain unincarcerated because he had already misspent multiple opportunities to remain on supervised release and receive the treatment he requested.

Accordingly, although couched in terms of promoting respect for the law and the court, the court's comments were clearly and properly grounded in its consideration of Pace's individual history and characteristics, the need to adequately sanction Pace's repeated violation of the court's trust, and protection of the public. When taken in conjunction with the other permissible factors the district court considered in determining Pace's sentence, including its "biggest" concern, Pace's risk of recidivism, we find no plain violation of § 3583(e).

Further, even assuming error, Pace is unable to show any effect on his substantial rights. Pace's sentence is at the

5

bottom of his Chapter Seven range of twenty-one to twenty-four months and is thus presumed reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Further, the district court fully considered and clearly rejected Pace's primary argument for a sentence below twenty-one months, that he should be allowed yet another attempt at overcoming his drug addiction in lieu of incarceration. We further observe that Pace has not argued that he would have received a lower sentence had the district court not committed the errors he alleges, and we discern no basis to conclude that this would be the case. See United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (to demonstrate that sentencing error affected substantial rights, "the defendant must show that he would have received a lower sentence had the error not occurred"); see also Bennett, 698 F.3d at 202 (where it was clear that error did not affect sentence imposed, we refuse "to order a purposeless remand where the district court does nothing more than reiterate what it has made clear all along").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED